**In the Matter of Robert A. BURNS**

No. 49S00–8611–DI–988.

Supreme Court of Indiana.

Dec. 16, 1987.

Robert A. Burns, pro se.

Sheldon A. Breskow, Executive Secretary, Clifford Courtney, Staff Atty., India-

napolis, for the Indiana Supreme Court Disciplinary Com'n.

### PER CURIAM.

The Respondent, Robert A. Burns, had been charged in a one count Verified Complaint with entering into a business transaction with a client who had differing interests, with attempting to exonerate himself from liability, and with engaging in conduct that adversely reflects on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(6), 5–104(A) and 6–102. Before us now for approval is a Statement of Circumstances and Conditional Agreement for Discipline reached by the parties. The Respondent has also submitted his affidavit pursuant to Indiana Rules of Admission and Discipline 23, Section 17(a).

Upon examination of the matters herein presented, we find, as the parties have agreed, that the Respondent represented William McClish in a claim for damages against Eli Lilly and Company. A settlement was negotiated whereby the insurance carrier for Eli Lilly and Company would make a cash payment of seven thousand dollars ($7,000) and also would provide two (2) annuities for McClish, one to expire after three (3) years and the other to expire after eleven (11) years. The cash payment was designated between the Respondent and McClish as attorney fees.

Prior to receipt of the cash payment, the Respondent entered into an oral agreement with McClish whereby the Respondent was to loan McClish three thousand seven hundred and fifty dollars ($3,750), said funds to be distributed from the cash payment. The cash payment was received on April 11, 1983. On the same day, the Respondent, by his law partner, Leo Condos, entered into a written agreement with McClish. The agreement set out the terms and conditions of the loan and contained language to the effect that McClish was completely satisfied with Respondent's services. The Respondent did not advise McClish of the differing interests between them nor did he obtain McClish's consent, after full disclosure, prior to entering into or executing the agreement.

By way of mitigation, the parties also agree that, during the time in question, the Respondent was encountering difficult and tragic events in his personal life.

▮ From the foregoing findings and in accordance with the agreement of the parties, we conclude that the Respondent engaged in misconduct. The professional judgment of a lawyer should be exercised solely for the benefit of his client and free of compromising influences and loyalties. The debtor-lender relationship is always potentially, and often inherently, adversary in nature. By entering into such a relationship with a client, without first fully apprising the client of the differing interests and without obtaining the client's consent, the Respondent breached the professional loyalty he owed to his client and violated Disciplinary Rule 5–104(A). By entering into an agreement attempting to exonerate himself, the Respondent also violated Disciplinary Rule 6–102(A). His conduct, taken in toto, reflects adversely on his fitness to practice law and is in violation of Disciplinary Rule 1–102(A)(6).

▮ In light of the foregoing considerations and findings, we conclude that the agreed discipline, a public reprimand, is an appropriate sanction. Accordingly, the Respondent, Robert A. Burns, is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against the Respondent.