**In re Petition for DISCIPLINARY ACTION AGAINST Warren F. PLUNKETT, an Attorney at Law of the State of Minnesota.**

**No. C9–88–2413.**

Supreme Court of Minnesota.

Dec. 2, 1988.

### ORDER

The Director of Lawyers Professional Responsibility filed with this court a petition claiming that the respondent Warren F. Plunkett had engaged in conduct subjecting him to discipline under the Rules on Lawyers Professional Responsibility. The petition alleged that respondent's conduct

---

in defending a client in part by harassing, burdening and embarrassing the plaintiff and by displaying his view that the Minnesota Human Rights Act is not legitimate, was frivolous, did not constitute a good faith argument for extension, modification or reversal of existing law, and was injurious to his client, in violation of Rules 1.1 and 3.1, Minnesota Rules of Professional Conduct (MRPC). The petition also alleges that respondent's conduct in helping to initiate a frivolous and burdensome lawsuit in retaliation for a human rights claim against his client, and in failing to supervise a junior attorney in connection with the lawsuit, violated Rules 3.1, 4.4, 5.1 and 8.4(d), MRPC. Respondent's conduct in helping to initiate such lawsuit did not include a good faith argument for extension modification or reversal of existing law and was injurious to his client, in violation of Rules 1.1 and 3.1, MRPC. Following the service and filing of the petition, the respondent and the Director entered into a stipulation wherein the respondent waived his right to answer, and unconditionally admitted the allegations in the petition. He also waived rights to have the charges heard by a Lawyers Professional Responsibility Board Panel and agreed to dispense with panel proceedings under Rule 9 of the Rules on Lawyers Professional Responsibility as well as his right under Rule 14 to a hearing before a referee on the petition. The respondent and the Director join in recommending to this court that appropriate discipline be imposed.

The court having considered the petition and stipulation, NOW ORDERS:

1. That respondent is hereby publicly reprimanded pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the respondent pay to the Director the sum of $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

KELLEY, J., took no part in the consideration or decision of this case.