**In the Matter of Robert A. BURNS.**

**No. 49S00–9305–DI–592.**

Supreme Court of Indiana.

Nov. 22, 1995.

Nathaniel Lee, Indianapolis, for Respondent.

Donna M. Spear, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The Respondent, Robert A. Burns, has been charged in this Disciplinary Action with violating the *Rules of Professional Conduct*. As provided by Ind. Admission and Discipline Rule 23, this Court appointed a Hearing Officer who conducted a hearing on the allegations raised in the complaint filed by the Disciplinary Commission. The Hearing Officer has filed her report without recommendation as to disciplinary sanction. The Disciplinary Commission petitions for review and both parties have set forth their arguments on such petition. As more fully set forth in the opinion that follows, this Court unanimously finds that the Respondent engaged in professional misconduct and concludes that a period of suspension is warranted for this misconduct.

The Respondent is charged with using a means in representing a client that had no substantial purpose other than to embarrass, delay or burden a third person, in violation of Ind. Professional Conduct Rule 4.4;[1] committing a criminal act, to wit: Intimidation, that reflects adversely on his fitness as a lawyer, in violation of Prof.Cond.R. 8.4(b);[2] and engaging in conduct prejudicial to the administration of justice, in violation of Prof.Cond.R. 8.4(d).[3] These charges emanate from statements made by Respondent

---

1. *Professional Conduct Rule 4.4* states that "in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

2. *Professional Conduct Rule 8.4(b)* provides that "it is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

3. *Professional Conduct Rule 8.4(d)* provides that "it is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."

to an opposing party during recess of a pre-trial conference. There is no disagreement as to the underlying facts and statements made by Respondent.

Upon review of the record now before us, the Court finds that the Respondent was employed in August 1990 to represent a party in a lawsuit against two individuals, one of whom was a former attorney who had resigned from practice. A lawsuit was filed in December 1990 and a pre-trial conference was held in this matter on July 31, 1992, in the conference room of Marion County Superior Court, No. 3, Civil Division. Respondent appeared for his client, the former attorney appeared *pro se*, and the other defendant was represented by another attorney. During a recess in the hearing, outside of the presence of the judge, Respondent made the following comments to the former attorney defendant:

> "Let me ... let me warn you about something. If you file anything with the bankruptcy court against me, I'll be asking for attorney fees and punitive damages. You have my word on it, ... And the next time you write my client a letter, I'm not going to file anything with the Court; I'm going to come over to your house and I'm going to hit you in the head with a baseball bat. Now, you may not be practicing law, but you know better than that. If I ever find out you wrote my client a letter again or sent him anything, you've got me to deal with. Do you understand: You better understand it right now, because I'm not going to tell you a second time. Now, that's my promise to you, right here on the record. I'm going to come over to your house and beat you half to death with a baseball bat."

Thereafter, Respondent told the former attorney that he had no right to communicate directly with Respondent's client. The former attorney stated that he could communicate directly with Respondent's client and the following exchange occurred:

BURNS: You'll communicate through me or you won't communicate at all. Do you understand me?

FORMER ATTORNEY: Are you threatening me physically?

BURNS: Oh, you've got it. You are exactly correct. I'm threatening you physically. You'll either follow the rules or you'll have to deal with me. Do you understand? And if I have to tell you that again, you're going to go out of here in a hospital van. Don't press your luck, ... Don't press your luck. Because you're not going to like me if I'm angry. You won't walk away from it, I guarantee you. Don't look grave to me, because if you do, you're a ... (obscenity). I swear to God.

FORMER ATTORNEY: You'd better kill me.

BURNS: Oh, believe me, I will. Believe me, I will. And I will get a medal for it.

Respondent was aware that his conversation was being recorded. In fact, during this exchange Respondent stated, "I know I'm on the record, and I want it on the record." A verbatim transcript was prepared and presented to the court. As a result of the exchange between the Respondent and this former attorney defendant, a hearing was held to determine whether the Respondent should be held in contempt of court. The Judge found that the Respondent was not in contempt of court.

In light of the above-noted findings, this Court now concludes that Respondent's threatening behavior to a defendant had no purpose other than to embarrass, delay, or burden such person. Conduct of this nature during the course of a legal proceeding is prejudicial to the administration of justice. Accordingly, we now find that by his acts at the pre-trial conference on July 31, 1992, Respondent violated *Prof.Cond.R. 4.4* and *Prof.Cond.R. 8.4(d)*. We cannot conclude, however, that this vituperation in the presence of attorneys and a former attorney constituted the crime of intimidation. Therefore, we find no violation of *Prof.Cond.R. 8.4(b)*.

 In her report, the Hearing Officer noted in mitigation that the former attorney/defendant engaged in extreme provocation leading up to the incident on July 31, 1992. She also finds that there was evidence that this former attorney/defendant engaged in ongoing intimidation and reprehensible be-

havior towards Respondent's client during a period of prior representation of a party. The Hearing Officer concluded that the former attorney/defendant's behavior "revealed a flaunting violation of the Disciplinary Rules in his repeated personal contact with a party." The Disciplinary Commission objects to the application of professional standards to a non-attorney. We concur with the Commission's position. The disciplinary standards are not applicable to former attorneys. Accordingly, we find that the behavior of the former attorney in this case is not measured by the standards established in the *Rules of Professional Conduct* in our consideration of this mitigation.

In aggravation, we find that Respondent has previously been disciplined by the court for entering into an agreement with a client without proper independent advice and for such professional misconduct issued a public reprimand. *In re Burns* (1987), Ind., 516 N.E.2d 35.

In assessing an appropriate discipline in this case, we find that Respondent's conduct draws question as to his fitness as an attorney. Effective, professional representation does not include abusive, insulting, and threatening behavior. We are not unmindful that in the heat of conflict emotional outbursts are possible. However, the aggressive nature of the comments and acts made by Respondent in this case clearly goes beyond acceptable standards of professionalism. It was contrary the Oath of Attorneys which requires abstention from offensive personality; it undermines public confidence in and respect for the legal system; and it is prejudicial to the administration of justice. Respondent's professional misconduct warrants a period of suspension.

Therefore, in light of the violations of *Prof. Cond.R. 4.4 and 8.4(d)* found in this case, the Respondent, Robert A. Burns, is hereby suspended from the practice of law for a period of thirty (30) days beginning December 18, 1995. Upon completion of this period of suspension, the Respondent will be readmitted to the practice of law subject to the provisions set forth in *Admis.Disc.R. 23(4)(c)*.

Costs of this proceeding are assessed against Respondent.