SCAD-12-0000414

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

WING C. NG, Respondent.

---

ORIGINAL PROCEEDING
(ODC 09-002-8725)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, and McKenna, JJ.
and Intermediate Court of Appeals Associate Judge Ginoza,
assigned by reason of vacancy)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, the briefs submitted by Respondent Wing C. Ng and the Office of Disciplinary Counsel, and the record, this court finds by clear and convincing evidence, after *de novo* review of the entire record, *see Office of Disciplinary Counsel v. Breiner*, 89 Hawai'i 167, 171, 969 P.2d 1285, 1289 (1999), Respondent Ng filed the Chapter 11 bankruptcy proceeding and the adversarial proceeding in United States Bankruptcy Court for the District of Hawai'i for the improper purpose of delaying ongoing litigation in federal court in California, in light of the timing, effect,

and underlying details of the petition. *See In re Silberkraus*, 336 F.3d 864, 868 (9th Cir. 2003) ("'[C]ourts may infer the purpose of a filing from the consequences of a pleading or motion'") (quoting *In re Start the Engines, Inc.* 219 B.R. 264, 270 (Bankr.C.D. Cal. 1998)). The court further finds Respondent Ng was inexperienced in bankruptcy law at the time of the filing. The court further finds, however, that, upon the dismissal of the Chapter 11 petition and the related adversarial proceedings, Respondent Ng was on notice of Judge Faris's rulings that (1) the dispute underlying the alleged tax liabilities and ownership of the implicated assets was between two parties, (2) while the bankruptcy court has, by statute, authority to address tax liabilities, it was not the appropriate venue to address either the question of tax liabilities or ownership of the underlying assets, particularly as those issues were being capably addressed by the federal litigation in California, and (3) consequently Judge Faris viewed the filing of bankruptcy petitions in his court, having as their nexus the two parties, the underlying assets, and the ownership of those assets, as bad faith attempts to further delay the California litigation. This court finds, therefore, Ng's filing of the Chapter 7 petition as (1) a bad faith attempt to further delay the California litigation, (2) in light of the bankruptcy court's previous rulings, as a failure by Respondent Ng to comprehend the functioning of the judicial process and a failure to competently represent his client, and (3) brought with the intent to unduly burden and harass the opposing party in the California litigation by frivolously

2

increasing the cost and difficulty of litigation, in violation of Rules 1.1, 3.1, and 4.4 of the Hawai'i Rules of Professional Conduct (HRPC). *See Matter of Burns*, 657 N.E.2d 738, 739 (Indiana, 1995); *In re Comfort,* 159 P.3d 1011, 1020 (Kansas, 2007); *In re Disciplinary Action Against Plunkett*, 432 N.W.2d 454, 455 (Minn. 1988); *In re Snyder*, 35 S.W.3d 380, 385 (Mo. 2000). This court further finds (1) the continued filing of documents by Respondent Ng in the appeal of the dismissal of the Chapter 7 petition after Respondent Ng unequivocally no longer represented the petitioner and, hence, lacked standing to file such documents, (2) his continued failure to understand the implications of his conduct, and (3) his appeal to the United States Court of Appeals for the Ninth Circuit of the finding by the United States District Court for the District of Hawai'i that his appeal of the Chapter 7 petition's dismissal was frivolous and lacked merit, violated HRPC Rules 1.1 and 3.1. We further find Respondent Ng's failure to understand, in the instant disciplinary proceedings, despite being so informed in writing by the Disciplinary Board, that he had the right to call expert witnesses to testify in his defense and, instead, his continued insistence that the absence of tax or other financial experts at the disciplinary hearing was not of his own making but the fault of the Board, is the incompetent practice of law, in violation of HRPC Rule 1.1. *See In re W.D.P.*, 104 Hawai'i 435, 438, 91 P.3d 1078, 1081 (2004).

In aggravation, this court finds Respondent Ng has committed multiple ethical violations and refuses to acknowledge

3

the wrongful nature of his conduct.  In mitigation, we note the absence in the record of any prior discipline against Ng. Therefore, it appearing that suspension is appropriate,

IT IS HEREBY ORDERED that Respondent Ng is suspended from the practice of law in this jurisdiction for a period of one year and one day, effective 30 days after the date of entry of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Ng shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs, as prescribed by RSCH Rule 2.3(c).

IT IS FURTHER ORDERED that Respondent Ng shall, within ten days after the effective date of his suspension, file with this court an affidavit in full compliance with RSCH Rule 2.16(d).

DATED:  Honolulu, Hawaiʻi, March 1, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Lisa M. Ginoza

